IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01394-CMA-KLM
(Consolidated with 09-cv-01780-CMA-KLM and 09-cv-01810-CMA-KLM)

RONALD MAST, an individual,

      Plaintiff,

v.

WELLS FARGO HOME LOANS,

      Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Motions to Dismiss filed by the Defendants in each of the above-referenced cases. The cases have been consolidated because they involve common questions of law or fact, including common parties and common claims. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.LCivR 72.1C, the Motions have been referred to this Court for recommendation.

      The Court has reviewed the Motions to Dismiss filed by Defendants Wells Fargo Home Loans [09-01394, Docket No. 11], EMC Mortgage Corporation [09-cv-01780, Docket No. 13 & 09-cv-01810, Docket No. 15], and BAC Home Loans, LP (f/k/a Countrywide Home Loans) [09-1810, Docket No. 9], Plaintiff's responses to the Motions,  Defendants' replies in support of their Motions to Dismiss, and the relevant case law.  I have been advised in the premises and the Motions are ripe for resolution.  For the reasons set forth below, I recommend that the Motions to Dismiss be **granted**.

1

### I. Summary of the Cases

The consolidated cases at issue here involve mortgage loans to Plaintiff that were allegedly financed by each of the Defendants.  Plaintiff, proceeding *pro se*, originally filed these cases in state court.  Defendants removed the cases to this Court based on federal question jurisdiction, pursuant to 28 U.S.C. §1331.  The complaints concern Plaintiff's purchase of six single family homes.  The allegations and claims against the Defendants are identical.  The only material variance is the property involved in the complaints.  In Civil Action No. 09-01394,  Plaintiff alleges that in March 2006, he entered into a contract for the purchase of two residences located at 4806 Turning Leaf Way and 11550 Black Maple Lane in Colorado Springs, CO.  *Complaint* [#1-2] at ¶¶ 1, 2.  He alleges that the homes were financed by Defendant Wells Fargo Home Loans ("Wells Fargo").  *Id.* at ¶ 4.  Plaintiff claims that Wells Fargo colluded with the homebuilders to misstate the values of the homes.  *Id.* at ¶ 5.  Plaintiff alleges that Wells Fargo's actions concerning the loans constituted fraud, misrepresentation and a conflict of interest, in violation of  Colo. Rev. Stat. § 12-6-911 and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.,* and Regulation Z, 12 C.F.R. § 1226.  *Id.* at 6.

Plaintiff alleges that Wells Fargo committed unconscionable "acts in certain mortgage transactions," in violation of Colo. Rev. Stat. § 38-40-105, and knowingly made false, misleading and deceptive statements regarding the terms and conditions of the loans. *Id.* at ¶¶ 7-8.[1]   According to Plaintiff, Wells Fargo entered into the mortgage loan transactions knowing there was no probability that Plaintiff would be able to make

---

[1]The complaints cite 38-40-1.5, which is obviously a typographical error.  There is no such Colorado statutory provision.

payments on the loans.  *Id.* at ¶ 14.   Moreover, Plaintiff claims that Wells Fargo "intentionally falsified [his] income on the loan application[s]  in order to qualify him for ... loan[s] that should have not been made."  *Id.* at ¶ 16.

Plaintiff asserts that Wells Fargo misrepresented the costs of taxes, property insurance and home association fees in order to induce the transactions and to qualify Plaintiff for the loans.  *Id.* at ¶ 25.  As a result of Wells Fargo's fraud, Plaintiff alleges that he defaulted on the loans and the properties were sold.  *Id.* at ¶¶ 27, 28.  Plaintiff claims that Wells Fargo caused him to suffer financially and damaged his credit rating.  *Id.* at ¶ 27. He seeks unspecified damages and attorney's fees and an order that Wells Fargo withdraw any and all derogatory information reported to credit agencies regarding the mortgage loan transactions.  *Id.* at III ¶¶ 1, 2.

In Civil Action No. 09-01780, Plaintiff alleges that on or about March 8, 2005, he purchased a single family home located at 11521 Black Maple Lane, Colorado Springs, CO 80291. *Complaint* [#1-2] at ¶ 1. Plaintiff claims that the purchase of the home was financed by a first and second mortgage through Defendant EMC Mortgage Corporation ("EMC"). *Id.* at ¶ 2.  Plaintiff makes the same allegations against EMC that he asserts against Wells Fargo.  *Id.* at ¶¶ 3-26.

Civil Action No. 09-01800 concerns three other residential properties, which are located at 2297 Diamond Creek Drive, Colorado Springs, CO 80291, 6984 Cobblecreek Drive, Colorado Springs, CO 80922, and 11903 Rodez Grove, Falcon, Colorado 80918. *Complaint* [# 1-2] at ¶¶ 1-3.  Plaintiff alleges that the purchases of these properties were financed by BAC Home Loans, LP, f/k/a Countrywide Home Loans ("BAC").  *Id.* at ¶ 4. Plaintiff also claims that EMC financed a second mortgage on the property located at 6984

3

Cobblecreek Drive.  *Id.*   In this case, Plaintiff asserts the same allegations against BAC and EMC that he does against Defendants in 09-cv-01394 and 09-01780.  *Id.* at ¶¶ 5-28.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct."  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).  Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully."  *Id.* (citation omitted).  As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint

must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).   However, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).   "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Ashcroft*,129 S. Ct. at 1949 (citation omitted).

The Court notes that the parties attached extraneous documents to their pleadings. Because the Court's review of the motions to dismiss is based upon consideration of the allegations contained in the complaints, the Court will not consider extraneous documents attached or referenced by any party, or additional factual assertions contained therein, except under limited circumstances. *See generally MacArthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2002); *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991).   For instance, "[t]he court can take judicial notice of agency rules and regulations," *Ray v. Aztec Well Serv. Co.*, 748 F.2d 888, 889 (10th Cir. 1984), and "of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand." *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).   Further, "'the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).   Here, in

addition to the complaints, the Court considers the loan documents referenced in them and attached as exhibits to the Motions to Dismiss.  More specifically, the Court considers the originating loan documents.  These documents are central to Plaintiff's claims and their validity has not been challenged.

Finally, the Court must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## III.  Analysis

### A.    Sufficiency of Complaint

Plaintiff alleges that Defendants colluded with the homebuilder of each property in order to misstate the value of the homes, and committed fraud and made misrepresentations during the loan process, in violation of Colo. Rev. Stat. §12-6-911, the TILA, and Regulation Z. The complaint also asserts that Defendants committed unconscionable acts in the mortgage loan transactions, in violation of Colo. Rev. Stat. § 38-40-105.   In addition, Plaintiff alleges that Defendants made false promises and misrepresentations, concealed material facts, and engaged in bad faith and overreaching.

Defendants contend that the cases should be dismissed because Plaintiff has not

alleged sufficient facts in the complaint to state a claim for relief. Fed. R. Civ. P. 8 requires that Plaintiff set forth allegations related to Defendants' conduct and identify the specific legal right such conduct violates. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). A complaint must provide "the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." *Id.* Furthermore, general, conclusory allegations, without supporting factual averments, are insufficient to state a claim for relief. *See Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 1996). Instead, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's actions harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163.

### A.   Mortgage Broker Licensing Act

Plaintiff contends that Defendants violated the Mortgage Broker Licensing Act ("MBLA"), Colo. Rev. Stat. § 12-61-901, *et seq.* by engaging in "fraud, misrepresentation and conflict of interest," employing "a scheme, device, or artifice to defraud and mislead the borrower," and failing "to make a disclosure to a loan applicant." *09-1394, Complaint* [# 1-2] at ¶ 6.[2] Defendant EMC moves to dismiss on the ground that it is not a "mortgage broker" as defined by the statute. The remaining Defendants contend that Plaintiff has not alleged sufficient facts to state a claim as required by Fed. R. Civ. P. 8.

Under the MBLA, a "mortgage broker" means "an individual who negotiates, originates, or offers or attempts to negotiate or originate for a borrower, and for a

---

[2] As noted above, Plaintiff makes the same allegations in all three cases.

commission or other thing of value, a residential mortgage loan to be consummated and funded by a mortgage lender." Colo. Rev. Stat. § 12-61-902(5).  EMC assert that Plaintiff's claim fails for two reasons.  First, Plaintiff does not allege that EMC is a mortgage broker within the meaning of the statute.  The complaint does not assert that EMC negotiated or originated a residential loan involving Plaintiff.  Moreover, the documents provided by EMC indicate that the loans were secured by a Deed of Trust in favor of other corporations, not EMC, and that EMC did not receive an origination fee from Plaintiff on any of these loans.  *09-1780, Motion to Dismiss* [#13], Ex. A-3, A-4, A-9, A-10, A-11, A-13.

Plaintiff claims that EMC was a "mortgage lender" and engaged in fraudulent acts in violation of the MBLA.  *Response* [09-1780, #26] at 4-5.  The complaint asserts that EMC gave Plaintiff a residential loan. [09-1780, #1-2] at 4.  However, Plaintiff has not identified any provision of the MBLA that applies to mortgage lenders.  Plaintiff cites Colo. Rev. Stat. § 12-61-911, but that provision specifically applies to mortgage brokers, not an "entity" as Plaintiff claims.  Thus, Plaintiff has failed to state a claim against EMC under the MBLA.

The MBLA claim against all Defendants fails because Plaintiff has not specifically pled the statutory violation in the complaint.  Plaintiff simply makes conclusory allegations and cites the statute.  Nowhere in the complaint does Plaintiff indicate specific actions by Defendants.  "While legal conclusions can provide a framework of a complaint, they must be supported by factual allegations." *Ashcroft*, 129 S. Ct. at 1950-51.  The complaint is devoid of any factual particulars.  "A pleading that offers 'labels and conclusions' or the formulaic recitation of the elements of a cause of action will not do." *Id.* at 1953 (internal citation omitted). "Naked assertions devoid of further factual enhancement" are not sufficient. *Id.* (Internal citation omitted).  Accordingly, I recommend that the MBLA claim

8

be dismissed.

**B.     Truth in Lending Act and Regulation Z Claims**

Plaintiff alleges that Defendants violated the TILA and its accompanying Regulation Z through fraud, misrepresentations, and failures to disclose**.** Plaintiff asserts this claim in all three cases against every named Defendant. Defendant EMC has moved to dismiss the claim on the ground that it is barred by the statute of limitations.

TILA is a remedial statute, designed to prevent predatory creditor practices, and must be liberally construed in favor of the consumer. *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002); *James v. Ford Motor Credit Co.*, 638 F.2d 147, 149 (10th Cir. 1980). However, actions for civil liability pursuant to TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "A violation occurs, and the one year limitations period begins to run, 'when credit is extended through the consummation of the transaction between the creditor and its customer without the required disclosures being made.'" *Betancourt v. Countrywide Home Loans, Inc.*, 344 F.Supp.2d 1253, 1258 (D. Colo. 2004) (quoting *Dryden v. Lou Budke's Arrow Finance Co.*, 630 F.2d 641, 646 (8th Cir. 1980)).

The statute begins to run from the date of consummation of the loan. *Betancourt,* 344 F. Supp. 2d at 1258. The relevant injury in relation to Plaintiff's claim is the alleged fraudulent and onerous terms of the subject loans. While the TILA statute of limitations has been found to be subject to equitable tolling, *see Heil v. Wells Fargo, N.A.*, 298 Fed. Appx. 703, 706 (10th Cir. 2008), Plaintiff must provide a factual basis to toll the statute. *See Aldrich v. McCulloch Props.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 2003).

Although the expiration of the statute of limitations is an affirmative defense, and often not capable of determination on a motion to dismiss, where the complaint or referenced documents clearly indicate that a claim is time-barred, I may adjudicate the defense at this stage. *Id.* (noting that a statute of limitations defense is appropriately resolved pursuant to a Fed. R. Civ. P. 12(b) motion "when the dates given in the complaint make clear that the right sued upon has been extinguished"); *see also* 5B Charles Alan Wright & Arthur R. Miller*, Federal Practice and Procedure* § 1357, at 714-21 (3d ed. 2004).

Here, the complaints clearly indicate that the loan transactions related to the properties located at 11550 Black Maple Lane, 2297 Diamond Creek Drive, 6984 Cobblecreek Drive, and 11903 Rodez Drive properties closed on March 31, 2006. As such, any TILA claim regarding those properties must have been asserted by March 31, 2007. The purchase of the property located at 4806 Turning Leaf Way occurred on March 29, 2006. Consequently, a TILA claim based on that transaction had to be filed by March 29, 2007. The loan transaction related to the property located at 11521 Black Maple Lane closed on December 30, 2005. As such, any claim regarding the validity of the latter loan must have been asserted no later than December 30, 2006. Plaintiff filed the present cases in state court on May 13, 2009 and July 9, 2009. The TILA claims are untimely. As such, the burden shifts to Plaintiff to provide a basis for tolling the statute. *See Rezaq v. Nalley*, 07-cv-02483-LTB-KLM, 2008 WL 5172363, at *5 (D. Colo. Dec. 10, 2008) (unpublished decision) (recognizing that where statute of limitations defense is clearly implicated pursuant to a motion to dismiss, Plaintiff has the burden to provide a factual basis to equitably toll the statute).

Because the statute of limitations at issue here derives from a federal statute, the

applicability of the doctrine of equitable tolling is governed by federal precedent.  In order to show that the statute of limitations should be equitably tolled, Plaintiff must show (1) that he was diligently pursuing his rights; but (2) some extraordinary circumstances prevented him from timely filing his claim.  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted).  In his Response to Defendant EMC's Motion to Dismiss, Plaintiff contends that his TILA claim is subject to equitable tolling because he "was only able to discover fraud due to the fact that the interest rate on the home loans began to adjust to astronomical levels after he owned the house for two years with what he thought was a fixed rate loan. Upon inspection of the documents, [he] uncovered blatant failure by Defendant to properly disclose the terms of the loans ...."  *09-cv-1780 Response* [#26] at 3.

While Plaintiff generally claims in the complaint that he was misled by Defendants when he secured the loans, he does not cite any misinformation he may have received from any Defendant that caused him not to discover his alleged injuries until after the expiration of the statute of limitations. In addition, Plaintiff concedes that if he had timely inspected the loan documents in his possession, he would have discovered the change in his interest rate. This conduct does not demonstrate the diligence required to apply the doctrine of equitable tolling.  Finally, the Court notes that Plaintiff knew from the inception of the loan transactions that he did not have the financial resources to meet his obligations under the terms of the loans.  *See 09-1394 Complaint* [# 1-2 ] at ¶ 14.  Equitable tolling does not apply where Plaintiff knew or should have known of the alleged fraudulent conduct.  *Barry Aviation, Inc. v. Land O' Lakes Municipal Airport Comm'n*, 374 F.3d 682, 688 (7th Cir. 2004)(citation omitted); *State of Ohio v. Peterson, Lowry, Rall, Barber and Ross* , 472 F.Supp. 402, 406 (D. Colo. 1979) *; see also Bennett v. Coors Brewing Co.*, 189

F.3d 1221, 1235 (10th Cir. 1999) (recognizing that equitable tolling does not apply when a plaintiff is aware of the facts necessary to bring a claim at the time required to assert it by the statute of limitations); *Edwards v. Int'l Union, UPGWA*, 46 F.3d 1047, 1055 (10th Cir. 1995) (refusing to apply equitable tolling when at the time of the expiration of the statute of limitations, plaintiff "was fully aware of [Defendants' alleged] misconduct"); *McIntire v. Tulsa County Sheriff*, 121 Fed. Appx. 295, 300-01 (10th Cir. 2005) (unpublished decision) (noting that equitable tolling only applies when a plaintiff is unaware of his claim at the time the statute of limitations requires it to be asserted).    I find that Plaintiff has failed to plausibly assert any basis for equitable tolling.

Given the allegations contained in Plaintiff's complaints, and his failure to assert a valid basis for application of equitable tolling, I find that any claims raised by Plaintiff pursuant to TILA or Regulation Z are time barred.

**B.    Civil Conspiracy**

Plaintiff's allegation that Defendants "colluded" with the homebuilders to overstate the value of the homes appears to raise a conspiracy claim**.**  This is the extent of Plaintiff's averments regarding the alleged conspiracy. To state a claim for civil conspiracy, Plaintiff "must allege *specific facts* showing agreement and concerted action among the defendants." *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1988) (emphasis added). It is not enough for Plaintiff to merely state that Defendants engaged in a conspiracy. *See id.* ("Conclusory allegations of conspiracy are insufficient . . . ."); *Sieverding v. Colo. Bar Ass'n*, No. Civ. A.02-M-1950 (OES), 2003 WL 22400218, at *18 (D. Colo. Oct. 14, 2003) (unpublished decision) (holding that plaintiffs' "conclusory statements with regard to the

existence of conspiracies surrounding every event that they allege" fails "to allege specific facts that fulfill the requirements of the elements of a state law claim for civil conspiracy" and are "insufficient to state a claim").  Rather, to state a conspiracy claim pursuant to Colorado law, a plaintiff must allege the existence of "(1) two or more persons, (2) an object to be accomplished, (3) an agreement on the object or course of action, and (4) one or more unlawful overt acts."  *Schneider v. Midtown Motor Co.*, 854 P.2d 1322, 1326 (Colo. Ct. App. 1992).

Nowhere in his complaints does Plaintiff indicate the object to be accomplished by the alleged conspiracy or the factual basis for his allegation that an agreement between each of the Defendants and third party homebuilders existed. Plaintiff's conclusory allegations against the Defendants at issue here, without sufficient factual averments, are insufficient to state a claim for civil conspiracy.  *Houston v. Mile High Adventist Acad.*, 846 F. Supp. 1449, 1457-58 (D. Colo. 1994) (holding that "the fail[ure] to identify any [specific] factual basis showing an agreement between the parties . . . do[es] nothing to inform Defendants of the nature of the claim" and is insufficient as a matter of law); *see also Twombly*, 550 U.S. at 555-57 (refusing to accept plaintiffs' bare conclusion that an illegal agreement existed as true without supporting plausible and factual allegations, as such is a legal conclusion).

## C.  Unconscionable Acts

The complaints reference Colo. Rev. Stat. § 38-40-105. The extent of this claim is that Defendants "did participate in prohibited acts in certain mortgage transactions deemed unconscionable by C.R.S. section 38-40-1.5." *09-1394 Complaint* [#1-2] at ¶ 7.  Other than

this conclusory allegation, Plaintiff does not set forth which loan terms are allegedly unconscionable or the nature of any "prohibited acts."  "These bare assertions . . . amount to nothing more than a 'formulaic recitation . . .'" of the language of the statute and, without supporting factual averments, are "not entitled to be assumed true."  *Ashcroft*, 129 S. Ct. at 1950-51.  Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation."  *Id.* at 1949.  Assuming Plaintiff intended to assert a cause of action related to section 38-40-105, he has failed to nudge his claim from possible to plausible and, therefore, the claim must be dismissed.  *See id.* at 1949-51.

### D.  Fraud Claims

Pursuant to Fed. R. Civ. P. 9(b) allegations of fraud must be pled with particularity. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000).  The complaint alleges that Defendants made fraudulent misrepresentations, fraudulently concealed information, and engaged in bad faith and overreaching in the loan transactions.

Claims for fraudulent concealment must be stated with particularity. *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1125 (10th Cir. 1997). (noting that pursuant to Fed. R. Civ. P. 9(b), "the plaintiff must set forth an explanation as to why the statement or omission was false or misleading"); *DeVries v. Taylor*, 92-B-409, 1993 WL 331001, at **1-2 (D. Colo. June 28, 1993) (unpublished decision) (noting that all claims of fraud, including fraudulent concealment, must be pled with particularity and "identify the undisclosed fact which, in equity and good conscience, should have been revealed").  Pursuant to Colorado law, fraudulent concealment can only be shown by alleging that the defendant knowingly concealed a material fact from the plaintiff who was ignorant of this fact, the defendant

intended that the concealment be acted upon, and the plaintiff suffered damages as a result. *Ackmann v. Merchant Mortgage & Trust Corp.*, 645 P.2d 7, 13 (Colo. App. 1982).

As noted above in relation to his other claims, Plaintiff has failed to set forth specific facts regarding the conduct of Defendants which provides notice to Defendants of the material information they allegedly knowingly concealed. *See* Fed. R. Civ. P. 8 & 9; *TV Commc'ns*, 767 F. Supp. at 1969. Where "there is nothing to support plaintiff's allegation that defendant . . . [committed fraudulent conduct]," any conclusory allegations to this effect are "not well-pled facts" and the Court need not accept such allegations as true. *Coburn v. Nordeen*, 72 Fed. Appx. 744, 746 (10th Cir. 2003) (unpublished decision).

Further, all claims asserted by Plaintiff related to alleged false representations made must be pled with particularity pursuant to Fed. R. Civ. P. 9(b). *Duran v. Clover Club Foods Co.*, 616 F. Supp. 790, 793 (D. Colo. 1985). Plaintiff's claims fail to include specific allegations so as to put Defendants on notice of what conduct or representations they made that were allegedly false or misleading. As such, these claims are insufficient on their faces. *See Allen v. United Props. & Const., Inc.*, 07-cv-00214-LTB-CBS, 2008 WL 4080035, at *13 (D. Colo. Sept. 3, 2008) (unpublished decision). Therefore, I recommend that the fraud claims be dismissed.

**E.    Contract Claims**

Plaintiff alleges that Defendants engaged in bad faith and overreaching in the loan transactions. He appears to be alleging a contract law claim. Overreaching occurs when an "inequality of bargaining power or other circumstances suggest[s] an absence of meaningful choice on the part of the [Plaintiff], coupled with contract terms that are

unreasonably favorable to [Defendant]." *Ricotta v. Finance America, LLC,* No. 06-cv-01512-MSK-BNB, 2007 WL 987854, *3 (D. Colo. Apr. 2, 2007) (unpublished decision). To establish bad faith under contract law, Plaintiff must show that Defendants acted unreasonably and that Defendants knew or recklessly disregarded the fact that their conduct was unreasonable. *Wright v. Liberty Mut. Fire Ins. Co.*, No. 06-cv-00351-RJC-KLM, 2009 WL 3334822, at *4 (D. Colo. Oct. 13, 2009).

On this claim, Plaintiff provides no specific facts to support his allegation, but merely asserts that Defendants' conduct during the loan transactions constituted bad faith and overreaching.  The complaints fail to specifically allege conduct attributable to Defendants which can reasonably be linked to Plaintiff's alleged injuries asserted in this claim.  *See, e.g.*, *Ashcroft*, 129 S. Ct. at 1950 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2))). Accordingly, I recommend that Plaintiff's contract claims be dismissed.

## IV. Conclusion

Based on the foregoing, I RECOMMEND that Defendant Wells Fargo's Motion to Dismiss, 09-1394 [# 11] be **GRANTED** and that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief.

I FURTHER RECOMMEND that Defendant EMC's Motion to Dismiss, 09-1780 [#13] be **GRANTED** and that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief.

I FURTHER RECOMMEND that Defendant BAC Home Loans, LP's Motion to

Dismiss, 09-1810 [#9] be **GRANTED** and that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief.

I FURTHER RECOMMEND that Defendant EMC's Motion to Dismiss, 09-1810 [#15] be **GRANTED** and that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: November 12, 2009

`

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix